95 F.3d 1155
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Michael FREEMAN, Appellant.
 No. 96-1289.
 United States Court of Appeals, Eighth Circuit.
 Submitted July 23, 1996.
Decided Aug. 28, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Freeman appeals the forty-month sentence imposed by the District Court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). We affirm.
 
 
 2
 At sentencing, Freeman objected to his offense-level calculation, which was derived from the penalty scheme set forth in 21 U.S.C. § 841(b)(1), providing the same penalties for given amounts of crack and 100 times greater amounts of powder cocaine (the 100-to-1 ratio). Freeman's objection was premised on Congress's rejection of a proposed amendment to the Sentencing Guidelines (Amendment 5) which would have eliminated the 100-to-1 ratio and equalized the penalties for crack and powder cocaine. Freeman argued the 100-to-1 ratio had a disproportionate adverse effect on African-Americans, Congress's rejection of Amendment 5 evidenced a discriminatory purpose on Congress's part in maintaining the penalty scheme, and thus, continued application of the penalty scheme violated his Fifth Amendment equal protection and due process rights. The District Court overruled Freeman's objection, and he appeals. We rejected the challenge Freeman raises here in United States v. Carter, No. 96-1329, 1996 WL 453275, at * 2-* 3 (8th Cir. Aug. 13, 1996) (per curiam).[2]
 
 
 3
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We do not reach the government's argument that Freeman lacks standing to raise this challenge because he is a caucasian